IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2069-BO

| | | |
|---|---|---|
| GAYLON R. COX, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| C. RATLEDGE, | ) | |
|     Respondent. | ) | |

Gaylon R. Cox, a federal inmate, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet., D.E. 3. He seeks relief from his federal criminal conviction and sentence based on actual innocence of sentencing factors. Pet., D.E. 1. The matter is before the undersigned for an initial review. See 28 U.S.C. § 2243.

On August 2, 1999, Cox pled guilty in the Eastern District of Arkansas to aiding and abetting unarmed bank robbery in violation of 18 U.S.C. § 2113, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e), and attempting to escape in violation of 18 U.S.C. § 751(a). United States v. Cox, 4:98-CR-73-DPM-1, D.E. 52-64. On February 7, 2000, Cox was sentenced to a term of life. Id., D.E. 64. Cox appealed to the Eighth Circuit and the circuit court affirmed the sentence. United States v. Cox, 225 F.3d 1018 (8th Cir. 2000). Cox has also filed at least two 28 U.S.C. § 2255 motions within the Eastern District of Arkansas as well as other post-conviction filings both at the district court and circuit court. United States v. Cox, 4:98-CR-73-DPM-1, see docket.

Cox must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention."

28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [section] 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is "not rendered inadequate or ineffective" merely because a 2255 motion may be procedurally barred. In re Jones, 226 F.3d at 333; Vial, 115 F.3d at 1194 n.5; McDowell v. Beeler, 50 Fed. App'x 153, * 1 (4th Cir. 2002) (unpublished). Cox is not entitled to relief under § 2241 as he fails to meet the second prong of the Jones' test. In addition, the Fourth Circuit has repeatedly stated that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction and not just innocence of a sentencing factor as is attacked within this petition. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); Darden v. Stephens, 426 F.App'x 173, 174 (4th Cir. 2011).

Lastly, it is clear from the petition and Cox's criminal docket that two prior § 2255 petitions have been filed. Cox is not precluded from bringing a subsequent § 2255 motion because it is second or successive; however, he must follow the applicable statutory procedure. 28 U.S.C. §§ 2244(b)(2), 2255 (2000).

Accordingly, the petition is DISMISSED in its entirety. After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that

2

reasonable jurists would not find the court's treatment of any of Cox's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253. Therefore, the court denies a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 26 day of June 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3